[No. 10,695.—In Bank.]
July 28, 1882.

## THE PEOPLE v. MARIA DE LOS ANGELES.

INSTRUCTIONS—REASONABLE DOUBT.—The Court below charged the jury: "You must be satisfied that the defendant is guilty beyond a reasonable doubt. As I have often stated to juries before, a reasonable doubt does not mean every possible doubt; it must be something reasonable, and that can not give any satisfactory solution of the question except upon the reasonable basis that the defendant may be innocent. That is what reasonable doubt is."

*Held:* The instruction is meaningless, and could not have conveyed to the jury any ideas which might mislead them.

IN SELF-DEFENSE—JUSTIFICATION—APPARENT NECESSITY.—The Court further charged the jury: "The defendant would be justified in using a deadly weapon if the prosecuting witness was attempting to commit any rape or to have intercourse with the defendant except by consent. Whether that was the fact or not, you must determine from the evidence in the case. A mere slap by the prosecuting witness, or attempted familiarity, without there was danger of its going any further, is not sufficient for her to use a deadly weapon or to make an attack of this kind. The mere fact that the prosecuting witness may have slapped her in the face without doing any great bodily harm, or have attempted familiarities which she did not like, would not be sufficient, unless there was danger of the attempt going further or an attempt at intercourse without her consent. It is for you to say whether there was any probability of that from the evidence in the case."

*Held:* This instruction does not exclude the idea of a duty on the part of the jury to find the defendant justified if as a reasonable person she believed from the circumstances appearing that the prosecuting witness .would rape her unless she prevented it by the use of a deadly weapon. The doctrine that appearances may justify a reasonable person in resisting by all necessary force what such person believes to be an attempt at felony is superadded by the law to the right so to resist a felony actually attempted. It is not error for the trial Court to tell a jury that one may so resist a felony attempted in fact, and the mere omission to charge with reference to the apparent necessity, no request being made to that effect, was not error such as to demand a reversal.

APPEAL from a judgment of conviction in the Superior Court of the County of San Diego. MCNEALY, J.

*W. J. Hunsaker,* for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

The COURT:

The Court below charged the jury: " You must be satisfied that the defendant is guilty beyond a reasonable doubt. *As I have often stated to juries before,* a reasonable doubt does not mean every possible doubt; it must be something reasonable, and that can not give any satisfactory solution of the question, except upon the reasonable basis that defendant may be innocent. *That* is what reasonable doubt is."

This instruction is meaningless. A judgment will not always be reversed, however, because of an instruction which means nothing, and we think the language employed by the Court below in this instance, could not have conveyed to the jury ideas which misled them.

The Court below further charged the jury: " The defendant would be justified in using a deadly weapon, if the prosecuting witness was attempting to commit *any* rape, or to have intercourse with the defendant except by consent. Whether that was the fact or not, you *must determine* from the evidence in the case. A mere slap by the prosecuting witness, or attempted familiarity, without there was *danger of its going any further,* is not sufficient for her to use a deadly weapon, or to make an attack of this kind. The mere fact that the prosecuting witness may have slapped her in the face, without doing any great bodily harm, or have at-

tempted familiarities which she did not like, would not be sufficient, *unless there was danger* of the attempt *going further*, or an attempt at intercourse without her consent. It is for you to say whether there was *any probability* of that from the evidence in the case."

The Court informed the jury that defendant was justified in the use of a deadly weapon, if the prosecuting witness was attempting a rape upon her, and intimated that she was justified in the use of such weapon, if "there was *any* danger of its going any further," or if the jury believed there was "any *probability*" of the prosecuting witness proceeding from improper familiarity to felony.

If defendant knew that she could prevent the consummation of defendant's design *without* the use of a deadly weapon, she was not justified in the use of a deadly weapon, nor would she be justified because there was some danger or probability that the prosecutor would "go further." To constitute justification it should appear that the circumstances were such as induced her reasonably to believe that it was his design to commit the felony, and that the use of the deadly weapon was necessary to prevent its commission. The charge was too favorable to defendant. If the stabbing was done *in necessary self-defense* against one *in fact* attempting to commit a rape, defendant was justified. The statement of the Court that the jury must determine whether a rape was actually intended, is to be taken in connection with what had been said as to the fact that a rape was attempted constituting a defense. It does not exclude the idea of a duty on the part of the jury to find defendant justified, if, as a reasonable person, she believed from the circumstances appearing that the prosecuting witness would rape her, unless she prevented it by the use of a deadly weapon.

The doctrine that appearances may justify a reasonable person in resisting by all necessary force what such person believes to be an attempted felony, is superadded by the law to the right so to resist a felony actually attempted. It is not error for the trial Court to tell the jury that one may so resist a felony attempted in fact. The Court was not requested to give the further instruction that if the facts and circumstances were such as would have induced a reasonable

person, of ordinary prudence and judgment, in the position of defendant, to believe that the prosecuting witness would commit a rape upon the person of defendant, unless he was resisted by the means which she employed, she was justified in resorting to such means. The mere omission so to charge, no request being made to that effect, was not error such as demands a reversal.

Judgment affirmed.

McKINSTRY and SHARPSTEIN, JJ., dissented.