THE STATE OF IOWA, Appellee, v. THOMAS SMITH, Appellant.

**Murder:** ARREST: PREVENTING ESCAPE: RIGHT OF OFFICER. An officer
1 is not justified in taking the life of one who has committed a mere misdemeanor in order to accomplish his arrest or to prevent his escape after arrest.

**Arrest:** AIDING AN ESCAPE: INSTRUCTION. It is a felony to aid the
2 escape of a prisoner in the custody of an officer, and to prevent the escape the officer may use a deadly weapon if that is the only reasonably apparent method of accomplishing the result; and where the evidence tended to show that deceased assaulted the officer for the purpose of aiding the escape of one under arrest, an instruction that under no circumstances was the officer justified in taking the life of deceased, was error.

*Appeal from Monroe District Court.* — HON. ROBERT SLOAN, Judge.

TUESDAY, JUNE 6, 1905.

INDICTMENT for murder. Verdict of manslaughter, and judgment that the defendant be confined in the State Penitentiary for the term of three years. Defendant appeals. — *Reversed.*

*Mitchell, Tomlinson & Price,* for appellant.

*Charles W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

DEEMER, J. — Defendant shot and killed one William

G. Sarver. At the time of the homicide the defendant was a policeman in the city of Albia, and had arrested without a warrant S. D. Sarver, father of William G., for the crime of drunkenness. William G. interfered in the matter, and as a result of the altercation received a pistol shot, from the effects of which he almost immediately died. Defendant contended that the killing was justifiable on two grounds: First, because in defense of his person; and, second, because it was necessary to prevent a felony, and to secure an arrest of the deceased, or to prevent his escape.

The trial court gave the following among other instructions:

(23) When a peace officer, in making an arrest for a misdeameanor, is resisted by violence and force in making such arrest, then such officer has the right to resist force by force; and when the resistance is violent and determined such officer is not bound to make nice calculations as to the degree of force necessary to accomplish the purpose, but may use such a reasonable degree of physical force in overcoming such resistance and effecting such arrest as may reasonably appear necessary therefor, and to prevent the escape of the party whom he is arresting; but he has no right to take the life of such person, or inflict on him a great bodily harm, for the purpose of making such arrest, except when the officer has a reasonable apprehension of peril to his own life or of suffering great bodily harm.

(24) If you find that the defendant had arrested S. D. Sarver, and W. G. Sarver, with knowledge thereof, appeared, and undertook by violence upon the defendant to effect the release of S. D. Sarver from such arrest, then it was the defendant's duty to arrest him, and his duty to submit thereto; and if the said W. G. Sarver by violence upon or against the defendant resisted such arrest, and attempted to escape therefrom, then the defendant had the right to resist by force, and was not bound to make nice calculations as to the degree of force necessary to accomplish the arrest, but he had the right to use such a reasonable degree of physical force in overcoming such resistance and effecting such arrest and preventing an escape as appeared reasonably necessary therefor; but he had no right to take the life of said Sarver,

or inflict upon him a great bodily injury, simply to effect the arrest, unless he had reasonable apprehension of peril to his own life, or of suffering great bodily harm.

The defendant asked the following, which were refused, to-wit:

(1) If you find that S. D. Sarver and Wid Sarver were in a condition of intoxication, and were therefor placed under arrest by the defendant, then you are instructed that it was their duty to submit to such arrest, and they had no right, by violence or otherwise, to resist such arrest; and if they attempted to escape from the arrest it was defendant's duty to resist and prevent the escape. And if you find that they did, by violence upon the defendant or otherwise, endeavor to escape from such arrest, then it was the duty of the defendant to do his utmost to prevent such escape, and in preventing it he had the right to use all the force and violence that, under all the circumstances and conditions then surrounding him at the time, seemed to him in good faith, as an ordinarily reasonable man, necessary to prevent such attempted escape, even to the use of a deadly weapon, if it so seemed to him necessary to use it.

(3) If you find that the defendant had arrested S. D. Sarver, and that Wid Sarver, the deceased, appeared, and undertook by violence upon the defendant to effect the release of S. D. Sarver from such arrest, then it was defendant's duty to also arrest the said Wid Sarver, and it was said Sarver's duty to submit to such arrest; and if the said Wid Sarver, by violence upon or against the defendant, resisted such arrest, and attempted to escape therefrom, the defendant had the right to use all the force and violence that to him, in good faith as an ordinarily reasonable man under all the surrounding circumstances and conditions seemed to him necessary to prevent the escape.

Of the instructions given and of the refusal to give those asked defendant complains. Taking up the ones given in the order quoted, we are of opinion that the first was correct. While the authorities are not in harmony upon the proposition involved, the better rule seems to be that an officer is not justified in killing

1. MURDER: arrest; preventing escape; rights of officer.

a mere misdemeanant in order to effectuate his arrest, or to
prevent his escape after arrest. In such cases it is better,
and more in consonance with modern notions regarding the
sanctity of human life, that the offender escape than that his
life be taken, in a case where the extreme penalty would be
a trifling fine or a few days' imprisonment in jail. *Reneau
v. State,* 2 Lea, 720 (31 Am. Rep. 626); *Skidmore v. State,*
2 Tex. App. 20; *U. S. v. Clark* (C. C.) 31 Fed. 710; *Head v.
Martin,* 85 Ky. 480 (3 S. W. 622); *Smith v. State,* 59 Ark.
132 (26 S. W. 712, s. c. 43 Am. St. Rep. 20); *State v. Moore,*
39 Conn. 244; *Dilger v. Com.,* 88 Ky. 550 (11 S. W. 651).
To this rule there are some exceptions, as in cases of riot, mob
violence, etc. None of the exceptions apply to this case, how-
ever. The general rule does not, according to the great weight
of authority, apply to felonies. Here an officer may oppose
force to force, and, if there be no other reasonably apparent
method for effecting the arrest or preventing the escape of the
felon, the officer may, if he has performed his duties in other
respects, take the life of the offender. This rule not only
applies to the felon himself, but also to those who are seeking
to rescue the prisoner. *State v. Dierberger,* 96 Mo. 666 (10
S. W. 168, 9 Am. St. Rep. 380); *State v. Garrett,* 60 N. C.
144 (84 Am. Dec. 359); *Clements v. State,* 50 Ala. 117;
*Lynn v. People,* 170 Ill. 527 (48 N. E. 964); *Jackson v.
State,* 76 Ga. 473; *State v. Bland,* 97 N. C. 438 (2 S. E.
460). Even in such cases the officer is not the arbitrary
judge as to whether the necessity exists for taking life. That
question is ultimately for the jury under proper instructions.
*State v. Bland, supra.* But it is erroneous in such cases for
a court to instruct as a matter of law that an officer is not
justified in taking the life of a felon. 1 East, P. C. 298.
The authorities on this subject are collated in an excellent
note found in *Hawkins v. Commonwealth,* 61 Am. Dec., pages
151–164. The reasons for these rules are apparent. An
officer, in the performance of his duty as such, stands on an
entirely different footing from an individual. He is a min-

ister of justice, and entitled to the peculiar protection of the law. Without submission to his authority there is no security, and anarchy reigns·supreme. He must, of necessity, be the aggressor, and the law affords him special protection. In his capacity as an individual he may take advantage of the "first law of nature," and defend himself against assault; as an officer he has an affirmative duty to perform, and in the performance thereof he should, so long as he keeps within due bounds, be protected. Sentimentalism should not go so far as to obstruct the due administration of law, and brute force should not be permitted to obstruct the wheels of justice.

Now, in the present case there was evidence tending to show that after the defendant had placed S. D. Sarver under arrest for drunkenness,. and was endeavoring to take him to jail, he (Sarver) was attempting to escape from such arrest, and that W. G. Sarver made an assault upon the officer for the purpose of aiding his father to escape; that the defendant then attempted to arrest W. G. Sarver, who resisted the same, and continued his assault upon the policeman; and that finally defendant shot W. G. Sarver, inflicting wounds from which he (Sarver) died. To meet this feature of the case the trial court gave the twenty-fourth instruction, which, in effect, announces the rule that under no circumstances was the officer justified in taking the life of W. G. Sarver. In this, we think, there was manifest error. There was evidence tending to show that both before and after the arrest of W. G. Sarver he (Sarver) was resisting and assaulting the officer, not only to effectuate his own escape, but also to secure the release of his father, S. D. Sarver. Section 4896 of the Code provides that: "Every person who aids or assists any prisoner in escaping or attempting to escape, from the custody of any sheriff, deputy sheriff, marshal, constable, or other officer, or person who has the lawful charge, with or without a warrant, of such prisoner, upon any criminal charge, shall be fined not exceeding one thousand. dollars, and imprisoned in the penitentiary not ex-

*2. ARREST: aiding an escape; instruction.*

ceeding five years." The penalty provided for the prohibited acts makes the crime a felony, and the law as to the duties, obligations, powers, and rights of an officer in making arrests and preventing escapes of those engaged in the commission of a felony clearly applies. *State v. Turlington,* 102 Mo. 642 (15 S. W. 141).

The third instruction asked by the defendant, or something like it, should have been given. The killing must, of course, be apparently necessary, for one is not justified in taking human life if there be any other effective way of effecting the arrest; but this is a question of fact for a jury, and not of law for the court. The Attorney-General contends that there is no evidence in the case which called for an instruction on this subject. The trial court thought differently, and submitted the matter to a jury under an erroneous instruction. Such being the record, prejudice will be presumed, and the case must be reversed, unless it affirmatively appears that the error was without prejudice. The defendant's testimony — which we shall not set out at this time — was such as to call for a proper instruction on the subject, for it tended to show that W. G. Sarver was engaged in the commission of a felony, to-wit, of attempting to secure the escape of a prisoner in the custody of a policeman, when the fatal shots were fired. If the jury believed the defendant's statements, it might have found that W. G. Sarver made an assault upon the defendant, a policeman, after he had lawfully arrested S. D. Sarver, for the purpose of securing the escape of S. D. Sarver. In so doing he was engaged in the commission of a felony, and defendant, as an officer, had the undoubted right to use a weapon to prevent this felony; if that were the only reasonably apparent method of accomplishing the result. *State v. Moore,* 31 Conn. 479 (83 Am. Dec. 159) ; *Pond v. People,* 8 Mich. 150 ; *Ruloff v. People,* 45 N. Y. 215 ; *People v. Angeles,* 61 Cal. 188. A killing under such circumstances, however, must be for the honest and non-negligent purpose of

preventing the felony, and not for some other reason. *People v. Burt,* 51 Mich. 199 (16 N. W. 378).

The trial court was in error in giving its twenty-fourth instruction, and the judgment must therefore be *reversed.*