# Richards *v*. Burgin.

*Action Against Sheriff for Killing Plaintiff's Intestate.*

(Decided April 15, 1909. 49 South. 294.)

1. *Death; Action; Pleading; Defenses.*—As a defense to an action against an officer for killing a person whom he was attempting to arrest, a plea setting up that at the time mentioned in the complaint the defendant was sheriff of a certain county, that a warrant for the arrest of plaintiff's intestate had been placed in his hands, that while two of his deputies were undertaking to arrest intestate, he undertook to escape, and while fleeing from said deputies was shot and killed by one of them, and that the shooting reasonably appeared to be necessary to prevent the escape of intestate, is insufficient as a plea of justification, as it does not aver that the officer gave information to the intestate of his authority, nor does it set out such fact as exempted the officer from giving such information and does not show that the intestate could not have been taken by other means.

2. *Same; Arrest; Right to Kill.*—If in the lawful pursuit of a person charged with felony, an officer may kill such person if necessary to prevent his escape.

3. *Same; Jury Question.*—The question of the necessity of killing a person is one to be determined by the jury where the action is against an officer for causing the death of a person whom he is attempting to arrest.

Appeal from Birmingham City Court.

Heard before Hon. H. A. Sharpe.

Action by G. S. Richards administratrix of the estate of G. W. Hill, deceased, against Andrew W. Burgin as sheriff for damages for causing the death of deceased while attempting to arrest him. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

J. W. Chamblee, and Roscoe Chamblee, for appellant. Plea 13 was patently bad, and the court erred in overruling demurrers to it.—Sec. 5210, Code 1896; *Brown v. The State,* 109 Ala. 70; *Drennan v. People,* 10 Mich. 169; 2 A. & E. Ency of Law, 848; *Williams v. The State,* 44 Ala. 41; 2 Bish. Crim. Law, secs. 647-8; 1 Eeast.

[Richards v. Burgin.]

P. C. 298; *Jackson v. The State*, 66 Miss. 89; *Carr v. The State*, 43 Ark. 99; *York v. Commonwealth*, 82 Ky. 360.

TILLMAN, GRUBB, BRADLEY & MORROW, and M. M. BALDWIN, for appellee. The court properly overruled the demurrers to plea 13.—*Brown v. The State*, 109 Ala. 70; *State v. Taylor*, 70 Vt. 1; *King v. The State*, 89 Ala. 43. The duty was on the deceased to permit the arrest.— 18 S. W. 1018; 33 S. W. 1066; 44 Pac. 411; 1 Hill. 327; *Rex v. Finucane*, 1 C. & B. 1; *Jackson v. The State*, 14 Am. St. Rep. 542. If the accused prevents the officer from giving the information, the officer need not inform the accused of his purpose.—*State v. Gay*, 18 Mont. 51; *People v. Carlton*, 115 N. Y. 623. For further authorities upon the proposition that the officer need not inform the accused of his purpose in making an arrest, if such purpose is known to the accused, or if he prevents the officer from giving such information, see the following cases.—*People v. Nash*, 1 Idaho, 206; *Wolf v. State*, 19 Ohio St. 248; *People v. Pool*, 27 Cal. 572; *Rex v. Whitehorne*, 3 Car. & P. 394; *Shovlin v. Com.*, 106 Pa. 369; *Rex. v. Payne*, 1 Moody, C. C. 378; *Rex. v. Howarth*, 1 Moody C. C. 207; *King v. State*, 89 Ala. 45; *Com. v. Weathers*, 7 Kulp, 1; *Tiner v. State*, 44 Tex. 128; *Plasters v. State*, 1 Tex. App. 673; *People v. Durfee*, 62 Mich. 487; *United States, Roberts v. Fayette County Jailer*, 2 Abb. (U. S.) 65; *Rex. v. Davis*, 7 Car. & P. 785; *Com. v. Field*, 13 Mass. 321; *State v. Anderson*, 1 Hill, L. 328; *Keady v. People* (Col.) 66 L. R. A. 353, 370 and extended note.

DENSON, J.—This action is by the administratrix of the estate of G. W. Hill, deceased, against Andrew W. Burgin, for the recovery of $30,000 damages for the alleged wrongful killing of said Hill. The action is predi-

cated upon section 27 of the Code of 1896 (section 2486 of of the Code of 1907).

The seventh count of the complaint, the one on which the trial was had, is in this language: "The plaintiff, as the administratrix of the estate of G. W. Hill, deceased, claims of the defendant the sum of $30,000 as damages, for that heretofore, on, to wit, the 13th day of June, 1905, the defendant was sheriff of Jefferson county, Alabama, and A. J. Gaddis and J. N. Curl were deputy sheriffs under, and agents of, the defendant, and that said A. J. Gaddis and J. N. Curl, while acting within the scope of their official employment as agents and deputy sheriffs of the defendant as aforesaid, did wrongfully cause the death of the plaintiff's intestate, the said G. W. Hill, by wrongfully shooting him with a gun or pistol in Jefferson county, Ala."

Plea 13 to the complaint is in this language: "Defendant, for further answer to the complaint, says that the defendant was, at the time mentioned in said complaint, sheriff of Jefferson county, Ala.; that previous to the time mentioned in said complaint there had been delivered to him for execution a certain warrant of arrest, issued by W. D. Paris, as coroner of Jefferson county, and who was at the time of the issuance thereof the coroner of Jefferson county, which said warrant of arrest commanded the sheriff of Jefferson county to arrest plaintiff's intestate on the charge of murder. And defendant avers that at the time mentioned two of his deputies, being duly authorized by the defendant, undertook to arrest the said plaintiff's intestate; that said intestate undertook to escape from said arrest, and while fleeing from said deputies was shot and killed by one of said deputies. And defendant avers that the shooting of said intestate by one of said deputies reasonably appeared to be necessary in order to prevent the escape of plaintiff's intestate."

There were verdict and judgment for the defendant, on issue joined on plea 13, and the plaintiff has appealed. She here assigns for error the action of the trial court in overruling her demurrer to plea 13.

The demurrer and the appellant's argument in support of it proceed upon the theory that, to render the plea safe from demurrer, it should have been therein alleged that the deputies informed plaintiff's intestate of their authority as officers to arrest him; and, secondly, that it should have alleged that plaintiff's intestate could not have been overtaken otherwise than by resort to the extreme measure of shooting him. Section 5210 of the Code of 1896 (section 6268 of the Code of 1907) provides that: "An officer may execute a warrant of arrest ⁓ any day and at any time. He must, in doing so, inform the defendant of his authority, and, if required, must show the warrant," etc.

It is this statute that the appellant takes as a basis for her first contention, invoking *Brown's Case,* 109 Ala. 70, 91, 20 South. 103, as authority in support of her theory and contention. In that instance the defendant was tried for and convicted of the crime of murder—the killing of a person who had been summoned by a special constable to aid him in arresting the defendant under a warrant for a misdemeanor. The killing occurred in the night, and while the arresting party was entering the house where the defendant was. One phase of the evidence tended to show that there was no notification to the defendant that a warrant had been issued for his arrest, and that the party had it present for exhibition, if required. Judge Brickell, for the court, after quoting the statute here involved, said: "The requirements of the statute are drawn from and in affirmation of the common law. They are ample to secure the execution of and submission to legal process; but they are equally intended to protect the citizen from unlawful inter-

ference with his personal liberty. It is not intended that he shall yield his person and liberty to the dominion of even a known public officer, certainly not to one unknown, upon his mere demand, who gives no information of his authority. If this were not true, no man would be safe from invasions of his personal liberty, and unlawful arrests would be made effectual."

In the light of this decision, and of other authorities, we have no hesitancy in holding that a plea of justification, under a warrant, fails to show a compliance with the statute in question, and is insufficient, unless it avers in terms that the officer gave information to the defendant of his authority, or avers such a state of facts as exempted him from imparting such information. If the attending circumstances were such as rendered the giving of the information, or the attempt to give it, unavailing or unreasonable, the plea should set out such circumstances in a succinct form, that the court may determine, as matter of law, their sufficiency vel non as an exemption from the discharge of the duty imposed by the statute. So far as the averments of the plea in judgment go, they are perfectly consistent with the idea that the deputies had ample opportunity to impart to the defendant in the warant the information required by the statute, even before he attempted to flee, and that they made no effort to do so. Moreover, we do not feel warranted by the law in saying, upon the averments of the plea, that an effort to give the information would have been futile. So, according to a well-established rule for construing pleadings, it must be held that the court below committed reversible error in not sustaining, on the point we have discussed, the demurrer to the plea.

In respect to the second proposition of the demurrer, it is undoubtedly true that an officer, in lawful pursuit of a felon, is allowed to kill, if to do so is necessary to prevent his escape by fight.—1 East's C.

L. 300; 4 Black. Co. 180; 2 Bishop on Cr. Law, § 648; S Cyc. 891; 2 Am. & Eng. Ency. Law, 848, *Story's Case,* 71 Ala. 329; *Williams' Case,* 44 Ala. 41; *Phillips' Case,* 119 Iowa, 652, 94 N. W. 229, 67 L. R. A. 292; *Brown v. Weaver,* 76 Miss. 7, 23 South. 388, 42 L. R. A. 423, 71 Am. St. Rep. 512; *United States v. Clark* (C. C.) 31 Fed. 710. This principle is conceded by the appellant in her brief; but the point of the demurrer in this respect is that the plea fails to show that Hill could not have been taken by other means than shooting him— such as pursuit, the obtaining of assistance, etc. The averments of the plea, on this point, are that Hill was fleeing from the deputies, and was shot and killed, and that the "shooting of said intestate * * * reasonably appeared to be necessary in order to prevent the escape of plaintiff's intestate." The conclusion of the plea, that it was reasonably necessary to shoot, has for its basis the single averred fact that the felon was in flight. That may have been true, and it may also have been true that the officers made no effort whatever to overtake the defendant by pursuit. That they did not make such effort is the meaning of the plea, according to the rule that it must be construed most strongly against the pleader. Indeed, no excuse is presented by the plea for not attempting to run the defendant down. The deputies resorted to extreme measure; but it is a salutary principle of law, and one in keeping with humanity, that, to afford warrant for resort to such measures, the attendant circumstances must be such as would justify a jury in the conclusion that they were necessary in order to prevent the felon from escaping—not that such measures were only reasonably necessary. This is in harmony and line with the ruling made in the well-considered case of *United State v. Clark, supra.* See, also, *Jackson's Case,* 66 Miss. 95, 5 South. 690, 14 Am. St. Rep. 542; *Brown v. Weaver, supra; Williams' Case, supra.*

To make the plea safe from attack by demurrer, in the phase now under consideration, the facts or circumstances just preceding and attending the flight, and what was done by the officers and by Hill, should be set out, so that the court may say or determine whether, on the face of the plea, the circumstances were sufficient to require the submission to the jury of the question of the necessity of the shooting to prevent escape. Certainly so important an issue should not be presented merely by the conclusion of the pleader, as was done in the plea in judgment. To hold this plea sufficient would be the equivalent of holding that the officer might be the arbitrary judge as to whether the necessity existed for taking Hill's life—a question obviously for the ultimate determination of the jury under proper instructions from the court. *State v. Bland,* 97 N. C. 438, 2 S. E. 460; *State v. Smith,* 127 Iowa, 534, 103 N. W. 944, 70 L. R. A. 246, 109 Am. St. Rep. 402. The case of *Patterson v. State,* 91 Ala. 58, 8 South. 756, properly interpreted, is not in conflict with the views here expressed. The court had under consideration a case of assault and battery committed by a police officer, after gaining custody of his prisoner, to prevent him from doing violence to another; and it was in reference to the facts that the court spoke and not to the sufficiency of the pleadings to put the facts before the jury.

We are constrained to hold that the plea is subject to the points made against it by demurrer, and that the court erred in overruling the demurrer. The judgment of the city court will be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.