# . Sanderson *v*. The State.

*Assault With Intent to Murder.*

(Decided June 2, 1910.  53 South. 109.)

1. *Witnesses; Attendance; Compulsory Process for.*—The right of accused to compulsory process for the attendance of his witnesses conferred by section 6, Constitution 1901, is the right to ordinary compulsory process by subpoena and not necessarily to the extraordinary compulsory process by attachment in case a subpoena duly served is not obeyed.

2. *Continuance; Absence of Witnesses; Discretion.*—Where accused had had summoned certain witnesses who failed to appear, it was within the discretion of the trial court to grant or refuse a continuance because of the failure of the sheriff to serve the attachment issued for such witnesses, and not revisable in the absence of a showing of abuse.

3. *Same; Application for.*—Where an application is made for a continuance on account of absent witnesses, such application should show that such witnesses were within the jurisdiction of such court and that they were absent without the consent or procurement of the defendant, and is insufficient if it fails to do so.

4. *Arrest; Without Warrant.*—A peace officer may arrest one committing a public offense in his presence without a warrant.

5. *Same; Authority of Peace Officer; Information to Accused.*— Section 6270, does not require a peace officer arresting a defendant without warrant for an offense committed in his presence to inform the defendant of his official capacity, if the defendant had knowledge of it.

6. *Charge of Court; Requests; Necessity.*—Where a defendant conceived that the officer arresting him was not an officer outside of the municipality and the assault charged was committed on the officer beyond the corporate limits of the town, the defendant was not entitled to instruction on such questions if not formally requested.

7. *Assault and Battery; Instructions.*—Where the prosecution was for an assault on a peace officer while attempting to arrest the defendant, a charge predicating an acquittal on the hypothesis that the difficulty occurred on the outside of the corporate limits of the town, of which the officer was mayor, and which pretermitted entirely the right of the peace officer to arrest accused for a public offense committed in his presence, was bad and its refusal proper.

(Simpson, Mayfield and Sayre, JJ., dissent.)

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

William Sanderson was convicted of assault and battery, and he appeals. Affirmed.

The bill of exceptions sets out that the case was originally set for trial on October 14, 1909; but, the defendant failing to answer, his bail was declared forfeited, and an alias capias was issued for his rearrest, returnable instanter, and at the instance of the defendant's counsel attachments were issued for four witnesses, naming them, each of whom had been previously served with a subpœna to attend by the sheriff, and said attachments were made returnable on the 21st day of October, when the case was again reset for trial. On that day the case was called, and each witness called and found absent. It appeared that the sheriff had not executed the attachment, and had made no return whatever on the same. The witnesses not being present in court, the defendant moved the court to continue the cause or postpone the trial of it, which motion was overruled, and the defendant was directed to prepare a showing for these witnesses. The defendant then again moved the court to postpone the trial until the witnesses could be attached and brought into court, upon the ground that under the Constitution he had a right to compulsory process to compel the attendance of his witnesses, and that there had been no effort made to execute such attachment. The court overruled this motion, and the defendant prepared a showing, but before submitting it to the solicitor again moved the court for compulsory process to enforce the attendance of his witnesses, upon the ground that there had been no execution of the attachment already issued, and no attempt made to execute same, and no return made by the sheriff thereon, which motion the

court overruled. The solicitor thereupon admitted the showing.

The following is the oral charge of the court, which is excepted to: "Charles Strong, as mayor of the town of Madison, had a right, with or without a warrant, to arrest the defendant for a public offense committed in his presence, and to summon any citizen to his aid. Even a private citizen has a right to arrest, with or without a warrant, for an offense committed in his presence."

The following charges were refused to the defendant: (1) "If the jury believe the evidence in this case, they must find the defendant not guilty." (2) "I charge you that, as a matter of law, under the evidence in this case, Charles Strong had no right in law to arrest the defendant, and the defendant had the right to resist such arrest, or attempt to arrest him." (4) "If the difficulty between Charles Strong and defendant occurred outside of the corporate limits of the town of Madison, you must acquit the defendant." (5) "The attempt of Charles Strong to arrest the defendant was unwarranted and illegal, and the defendant had a right to resist such attempted arrest." (7) "The defendant had a right to resist Charles Strong, unless he advised the defendant that he was an officer, and what charge he was attempting to arrest the defendant on."

S. S. PLEASANTS, for appellant. The refusal of the court under the facts of this case to postpone or continue was a denial to the defendant of his constitutional right to compulsory process to enforce the attendance of his witnesses.—Sec. 6, Const. 1901; *Walker v. The State,* 117 Ala. 88; *Rogers v. The State,* 144 Ala. 32; *Graham v. The State,* 6 S. W. 721. Charge 7 should have been given.—Sec. 6270, Code 1907; *Ritch v. Mc-*

*Jnerny,* 103 Ala. 354; *Brown v. The State,* 109 Ala. 70; *Richards v. Burgin,* 49 So. 294; *Cunningham v. Baker,* 104 Ala. 170. Charge 2 should have been given, as should charge 4.—Sec. 6273, Code 1907. The court erred in its oral charge.—*McIntosh v. The State,* 140 Ala. 137.

ALEXANDER M. GARBER, Attorney General, and JAMES H. PRIDE, Solicitor, for the State. Counsel discuss the bearings that sections 6270, 71, 72 and 73, have on the case in hand and conclude that the court committed no error in the trial, and that its judgment should be affirmed.

McCLELLAN, J.—The right of a defendant in a criminal prosecution "to have compulsory process for obtaining witnesses in his favor" (Const. 1901, § 6) was thus explained and defined in *Childress v. State,* 86 Ala. 77, 83, 84, 5 South. 775, 777 : "The object and meaning of the constitutional guaranty is that the court will exercise its powers, by the processes usual and known to the law, to compel the attendance of witnesses on behalf of the accused. It does not operate to take from the court the discretion as to granting or refusing continuances, or the authority to adopt proper means for ascertaining whether an application for a continuance is made with the view to obtaining a fair trial, or for the mere purpose of delay. The defendant had previously obtained the issuance of subpœnas for his witnesses, which is the ordinary preliminary process to secure their attendance. Extraordinary compulsory process, such as attachment, is not resorted to, until the witness has placed himself in contempt, and the propriety and the necessity of the process is shown."

The opinion in the *Childress appeal* was written under the influence of the "compulsory process" provision of the Constitution of 1875, which was identical with that of the Constitution of 1901, in that regard, and the reordination of the provision in the latter Constitution effected to impress it with the previous interpretation put upon it by this court in *Childress Case*. It will be observed that the court took a distinction between "ordinary compulsory process and "extraordinary" compulsory process; the latter being instanced in the process of attachment. It is evident, consistent with the distinction taken, that the denial or impairment of the right to ordinary compulsory process immediately violates the constitutional guaranty, provided of course the accused is not negligent in the premises. But when the inquiry is whether the right to extraordinary compulsory process has been denied or infracted, the discretion of the court to grant or refuse a continuance becomes an important factor. In the *Childress Case* this is so plainly set down as to require no restatement. So that in cases where the subpœna has been served, and the witness has failed to appear as summoned, and application is made to the court to exert its extraordinary process—attachment—and to continue the cause, and the court refuses and puts the prosecution on a showing, by the accused, as to what the absent witness or witnesses would testify if present, the only matter of review on appeal is: Did the trial court abuse its discretion in the premises?

While not expressing the rule in the exact form stated, the following of our decisions support the conclusion, when read in the light of the facts presented in each: *Winter v. State*, 123 Ala. 1, 26 South. 949; *Martin v. Sate*, 125 Ala. 64, 28 South. 92; *Kilgore v. State*, 124 Ala. 24, 27 South. 4; *Davis v. State*, 92 Ala. 20, 9

South. 616; *Huskey v. State,* 129 Ala. 94, 29 South. 838.

The case of *Walker v. State,* 117 Ala. 85, 23 South, 670, cited for appellant, has been examined. It is said in that case that no convenience of the court nor condition of the docket can rightfully justify the denial of the right of the accused to the constitutional guaranty under consideration. That is obviously a sound pronouncement, for both conditions relate to matters wholly without the power of, or rightful influence against, the accused; but it is clear that this court did not intend to qualify the rule of discretion, in respect of continuances, of the trial courts stated in the same opinion. Indeed, in that case—and the observations there made are immediately pertinent to this case as will later appear—the court's declination to continue the case was approved on the ground, besides another recognizing the discretion before adverted to, that no showing was made that the witnesses were within the jurisdiction of the court. *Walker's Case* is in accord with the course of decision, on the inquiry in hand, illustrated in the cases before cited.

The reporter will set out the recitals of the bill in reference to the question under consideration. It will be readily seen that there was no showing that the absent witnesses were within the jurisdiction of the court, and that they were absent without the consent or procurement of the accused. Besides, since error is never presumed, we cannot affirm that the court abused its discretion in refusing the continuance and in putting him on a showing of what his absent witnesses would testify if present, even if the denial was predicated alone upon a finding that the continuance was sought merely for delay.

[Sanderson v. The State.]

On the evidence before us, it was open for the jury to find that Strong, the person alleged to have been assaulted, was an officer, with police powers, of the town of Madison; that in the performance of his duty he undertook to arrest the defendant within the corporate limits of the municipality of Madison; that defendant resisted lawful arrest, knowing that Strong was an officer; and that he assaulted Strong as charged in the indictment. It was also open to the jury to find that a public offense was committed in the presence of Strong, the officer.

Under these circumstances, it is clear that Strong had the right to arrest defendant, and that without warrant.

By special charge numbered 7, refused to defendant, the jury were to be instructed that defendant had the right to resist Strong unless he advised defendant that he was an officer and for what charge he was attempting to arrest him. The testimony of the defendant, himself, shows beyond cavil that he knew Strong was the municipal officer. He had been, he testified, present that afternoon when Strong was threatening to arrest and did arrest Leslie Sanderson; that just previous to the assault charged "Walter Sanderson came up and told us we had better go on, as Strong was coming. I thought Walter was joking, and about that time Strong and his brother came up." The defendant could not have been better informed of Strong's official character than his own testimony shows him to have been.

The statute (Code, § 6270) makes it the duty of an officer arresting without warrant to inform the intended prisoner of his authority and "the cause of the arrest," except in certain defined cases. This statute has been construed in *Brown's Case,* 109 Ala. 70, 89-91,

20 South. 103; *Richards v. Burgin,* 159 Ala. 282, 49 South. 294.

Without assuming to pronounce charge 7 free, under the facts of this case, from other criticism, it was well refused because of its misleading tendency. The charge hypothesized the right of defendant to resist unless Strong "advised defendant that he was an officer and what charge he was attempting to arrest defendant on." The misleading tendency inhered in the conjoining of the two conditions. Its inevitable tendency was to lead the jury to conclude that, notwithstanding defendant knew (as was shown) of the official character of Strong, still the right to resist existed unless Strong advised defendant that he was an officer. It is manifest that the office of this feature of the statute is to inform the person whose arrest is sought that the arrestor is an officer. If that information he already has, the reason for the statutory requirement is entirely satisfied. Indeed, in *Brown'e Case,* supra, Brickell, C. J., states that it may be presumed that a sheriff or constable is known, in his proper jurisdiction, to the residents or inhabitants thereof.

There was no prejudicial error resulting from the parts of the oral charge of the court to which exceptions were taken.

There was, as before stated, evidence from which the jury could have reasonably concluded that a public offense was committed in the town's limits, in the presence of Strong, and that the assault charged was therein. If the defendant conceived that Strong was not an officer outside of the municipality, and that the offense and the assault charged occurred beyond the corporate limits of Madison, then explanatory special instructions should have been requested on that theory. The court's statements to the jury, in the particulars com-

plained of, were abstractly correct expositions of the law.

Charge 4 was well refused. It predicated an acquittal upon the hypothesis that the difficulty in question occurred outside of the corporate limits of Madison. If not otherwise faulty, it pretermitted entirely the right of Strong to arrest defendant for a public offense committed in his presence.

Charges 1, 2, and 5 were, in effect, the affirmative charges for the defendant. Obviously, they were properly refused.

The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur. SIMPSON, MAYFIELD, and SAYRE, JJ., dissent.

EVANS, J.—(concurring).—I concur with the writer of the opinion that this case should not be reversed for the reason that the court refused to grant the defendant a continuance. The granting or refusing to grant a continuance is purely discretionary with the trial court, and not revisable on appeal. But the right of a defendant to a continuance must not be confounded with the right of defendant to have compulsory process for his absent witnesses. The latter is a constitutional right of which defendant cannot be deprived by the court, while the former is a matter addressed purely to the discretion of the trial court. When a proper showing is made by defendant for compulsory process for his absent witnesses, the court is bound to grant it; but, in order to get the matter revised by this court, two things must be shown: (1) That the defendant made a proper showing to the trial court; and (2) that defendant duly excepted to the ruling of the court in

refusing to grant him such process. If a proper showing is made by defendant, then the court must grant it, although it may work delay in the trial of the case. Before the trial court should be put in error for such refusal, the bill of exceptions should show that it was shown to the court that the witness was within the jurisdiction of the court, whose compulsory process could be served upon him, that what defendant expected to prove by him was admissible evidence in the case—not subject to legal objection—and that the absence of the witness was not procured by defendant or at his instance, and that he exercised reasonable diligence in trying to get such witness by the ordinary process of the law.

There was no showing made by defendant as above set out, and no exception to the ruling of the court in refusing to him the compulsory process of the law. For both of these reasons, the court cannot be put in error for refusing to grant such process.

I am of opinion that the compulsory process under our law for the attendance of witnesses to which the defendant has a constitutional right, under proper circumstances is an attachment.