# Richmond.

## WASHINGTON, ALEXANDRIA AND MOUNT VERNON RAILWAY CO. v. TRIMYER.

### March 10, 1910.

### Absent, Buchanan, J.

1. STREET RAILWAYS—*Failure to Stop—Evidence of Prior Similar Failures.*—Evidence that an electric car did not stop, as it should have done, at a given point on other occasions prior to the accident under investigation, is admissible as tending to show a failure to stop on the occasion when the accident occurred.

2. STREET RAILWAYS—*Grade Crossing—Collision—Contract Between Companies as Evidence.*—In an action by a passenger against a street railway company to recover damages for a personal injury inflicted in consequence of the alleged negligence of the defendant in coming into collision with an engine on a steam railroad, the contract between the two companies regulating the terms of crossing is not admissible in evidence to establish the degree of care which the carrier owed to its passenger, as that is fixed by law, but that part of it which regulates the terms of crossing is admissible to show that the negligence of the steam railroad company was the proximate cause and that of the carrier, if any, was only the remote cause of the injury complained of.

3. EVIDENCE—*Admissibility—General Objection.*—A general objection to evidence should be overruled if the evidence is admissible for any purpose.

4. EVIDENCE—*Partly Inadmissible—Instructions to Jury—Verdict.*—If a court permits an entire contract to be read to the jury, only parts of which are admissible in evidence, but instructs them that they are only to consider certain designated portions thereof, which are the admissible portions, it will be presumed that the jury obeyed the instructions of the court, and, in the absence of any evidence of prejudice to the rights of the parties in consequence of permitting the entire contract to be read to the jury, the verdict will not be set aside on that account.

5. STREET RAILWAYS—*Grade Crossings—Code, Section 1294-d (51) Not*

*Applicable.*—Section 1294-d (51) of the Code (1904) requiring railroad trains to stop at least fifty feet before getting to a grade crossing does not apply to street railways.

6. Street Railways—*Grade Crossing—Negligence Per Se—Question for Jury.*—It was error, in the case at bar, to instruct the jury that it was negligence as a matter of law for the street railway company to fail to stop its car at least twenty feet before getting to a grade crossing of a steam railroad. It was the duty of the street railway company to use the utmost care and diligence of a cautious person for the protection of its passengers, but it was for the jury to say whether or not, under all the circumstances of the case, it had fulfilled the measure of its duty.

7. Street Railways—*Grade Crossings—Care Required.*—A street railway company, as a carrier of persons, owes to its passengers a higher degree of care, upon approaching a grade crossing of a railroad than is required of a person, for his own protection, when driving an ordinary vehicle under like conditions. The latter must exercise ordinary care for his own protection, while the street railway company is liable for the slightest negligence on its part, and is bound to use the utmost care and diligence of a cautious person to protect its passengers from injury.

8. Street Railways—*Grade Crossing—Joint Negligence—Carriers.*— A street car company which has negligently run one of its cars upon a grade crossing of a steam railroad cannot escape liability for a resulting injury to one of its passengers by showing that the steam railroad company was also negligent in causing the collision.

Error to a judgment of the Circuit Court of the city of Alexandria in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Moore, Barbour & Keith* and *Jas. R. & H. B. Caton,* for the plaintiff in error.

*C. E. Nichol,* for the defendant in error.

Keith, P., delivered the opinion of the court.

John H. Trimyer recovered a judgment against the Washington, Alexandria and Mt. Vernon Railway Company in the Circuit Court of the city of Alexandria, to which a writ of error was awarded.

The injury for which this suit was brought occurred at a point where the tracks of the Washington, Alexandria and Mt. Vernon Railway Company crossed that of the Washington-Southern steam railway, at the intersection of Henry and Cameron streets, in the city of Alexandria; and the object of the testimony offered by the plaintiff and admitted over the objection of the defendant, as set out in bills of exceptions Nos. 1 and 2, was to prove that the accident resulted from the failure of the Washington, Alexandria and Mt. Vernon Railway Company to stop its train at this intersection, as it is alleged it was its duty to do; and, as tending to prove that, on the occasion when the accident occurred it did not halt its train, it was sought to introduce evidence that on other occasions prior thereto it had not done so.

In the case of *Brighthope Railway Co.* v. *Rogers,* 76 Va., at p. 448, testimony was admitted tending to show that the defendant's locomotive, on occasions other than that for which the action was brought, had emitted sparks and communicated fire to the property along its track and right of way. The court considered that this evidence was relevant and proper for the purpose of showing negligence on the part of the defendant's employees, or defects in the construction of its engine.

In the case of *Grand Trunk Ry. Co.* v. *Richardson,* 91 U. S. 454, 23 L. Ed. 356, the Supreme Court was of opinion that evidence was properly received to show that fire had been communicated by sparks at other times and from other locomotives, in order to show a negligent habit on the part of the railway company's officers and agents. Said Mr. Justice Strong: "It is, of course, indirect evidence, if it be evidence at all. In this case it was proved that engines run by the defendant had crossed the bridge not long before it took fire. The particular engines were not identified; but their crossing raised at least some prob-

ability, in the absence of proof of any other known cause, that they caused the fire; and it seems to us, that under the circumstances, this probability was strengthened by the fact that some engines of the same defendant, at other times during the same season, had scattered fire during their passage."

In *A. & F. Ry. Co.* v. *Herndon,* 87 Va. 193, 12 S. E. 289, this court affirmed a judgment in which evidence had been admitted tending to show that, prior to the accident there being investigated, it was customary for the defendant to stop its trains on arriving at a particular point.

The assignment of error based upon the first and second bills of exception is overruled, and so far as it rests upon the third and fourth bills of exception it was withdrawn by counsel for plaintiff in error in open court.

The second assignment of error is to the action of the court in admitting in evidence the contract between the Washington, Alexandria and Mt. Vernon Ry. Co. and the Washington-Southern Ry. Co.

While the court permitted the entire contract to be read to the jury, they were instructed to disregard all of it except the following paragraph:

"The said party of the first part hereby further agrees, for the consideration aforesaid, that whenever any of its cars propelled by electricity shall approach such crossing it shall be stopped at a distance of at least twenty feet from the railway track of the said parties of the second part in Henry street; and that the conductor of such car shall go forward to such crossing and ascertain whether or not any train, engine, car or other vehicle is approaching upon the railway of the parties of the second part; and that such car shall not cross over the railway of the parties of the second part until after the conductor shall have ascertained that no train, engine, car or other vehicle is approaching upon the railway of the parties of the second part, and shall have given the man in charge of the motor a signal to cross."

We do not think the contract was admissible as establishing the degree of care which the railway company owed to its passengers. That is fixed by law, which holds the defendant railway company responsible for the slightest negligence resulting in an injury to a passenger, and imposes upon it the utmost care and diligence of cautious persons to prevent such injury. *Farish* v. *Reigle,* 11 Gratt. 697, 62 Am. Dec. 666. We think it evident that such a contract cannot control the responsibility imposed by law, if relied upon by the carrier in diminution of its liability. Clearly the answer would be that its responsibility was to be measured by the law of the land and not by contracts to which the injured party was a stranger. Indeed, if such a contract tended to relieve the defendant of the consequence of its negligence, it would be repugnant to section 1294-c, clause 25, of the Code. See *N. & W. Ry. Co.* v. *Tanner,* 100 Va. 379, 41 S. E. 721.

There is another aspect, however, in which that portion of the contract which the court allowed the jury to consider would be admissible. The railway company rested its defense, in part, upon the suggestion that the negligence of the steam railway company was the proximate cause, and its negligence, if any, was the remote cause of the accident. It was, therefore, proper to introduce the contract between the plaintiff in error and the companies operating the steam railways, to show their relative duties to each other. If the defendant had requested the court to limit the effect of the contract, as we have indicated, it should have been done; but as the objection to its introduction was general, and as it was admissible for the purpose indicated, the exception taken to the action of the court must be overruled. *Hardy* v. *Comth., post,* p. 910, 67 S. E. 522, decided at the present term.

The third assignment of error is to the refusal of the court to discharge the jury from the further consideration of the case, because the entire contract just considered had been read in the presence of the jury.

It is not clear why the court permitted the entire contract to be read to the jury when it was of opinion that only a particular clause should be considered by them, but it cautioned the jury that only a particular part should be considered, and it is to be presumed that the jury obeyed a direction which it was plainly within the province of the court to give; and nothing appearing to show that the reading of the entire contract operated injuriously to the rights of plaintiff in error, this assignment is overruled.

The fourth assignment of error is to the granting of the third and fifth instructions prayed for by the plaintiff.

The third instruction is as follows: "The court instructs the jury that if they believe from the evidence that on the night of the collision between an electric train of the Washington, Alexandria and Mount Vernon Railway and a light engine of the Southern Railway at the intersection of Cameron and Henry streets in Alexandria city, Va., the defendant, the said Washington, Alexandria and Mount Vernon Railway Company failed to bring its said colliding train to a full stop at least twenty feet before getting to the said crossing of the said Southern railroad and the said Washington, Alexandria and Mount Vernon railway, at the intersection of said Henry and Cameron streets, then in that event the said defendant, the Washington, Alexandria and Mount Vernon Railway Company is presumed to be guilty of negligence, provided the jury further believe from the evidence that at such crossing there are no derailing switches or other safety appliances which prevent collision at said crossing, nor at the hour of said collision no flagman or watchman was stationed at said crossing, and that no signal tower was located at said crossing and signaled that said train might cross in safety."

In *Norfolk & Portsmouth Traction Co. v. Ellington*, 108 Va. 245, 61 S. E. 779, it was held that section 162 of the Constitution of the State, and section 1294-k of the Code, which abolish the doctrine of fellow servant as to employees of railroad companies, do not apply to employees of electric street railway

companies; but that the words "railroad company" as employed in those sections were only intended to apply to railroads proper, or commercial railroads; and that the language of the Constitution and of the statute passed in pursuance thereof, and the history and reason of these provisions, indictate that street railways were not intended to be embraced.

That decision and the argument by which it is supported apply with equal force to clause 51 of section 1294-d of the Code.

The crossing of the steam railway, however, by the trains of the plaintiff in error was, without doubt, attended with danger and it was the duty of plaintiff in error, under the general law, to use the utmost care and diligence of a cautious person for the protection of its passengers; and it may well be that the duty thus imposed would have been as great as that which is set forth in the instruction; but it would have been for the jury to say whether or not, under all the circumstances of the case, the railroad company had fulfilled the measure of its duty, while in this instruction the jury was told, as a matter of law, that the failure to do the particular thing indicated was proof of negligence. We are of opinion that it was error to give this instruction.

The fifth instruction tells the jury that it was the duty of those in charge of the electric train of the Washington, Alexandria and Mt. Vernon Railway Co. to exercise the same care or degree of care to avoid a collision as is required to be exercised by persons driving or operating any ordinary vehicle across steam railroad tracks, and that it was the duty of the persons operating the electric train to look and listen for any approaching engine or train on said steam road, and that if the jury believe from the evidence that they failed to do so, the said Washington, Alexandria and Mt. Vernon Railway Co. was guilty of negligence, and if the jury believe from the evidence that the plaintiff was injured by said negligence they shall find for the plaintiff.

A person driving in an ordinary vehicle, upon approaching a railroad crossing, must exercise ordinary care for his own pro-

tection, while the plaintiff in error, being itself a carrier of passengers, was under a higher obligation, for it was responsible for the slightest negligence on its part, and was bound to use the utmost care and diligence of a cautious person to protect its passengers from injury. As this instruction imposed upon the plaintiff in error a lighter burden than the law warranted, we do not perceive that it was aggrieved in this respect.

The fifth assignment of error is to the refusal of the court to give the eleventh instruction, which is as follows: "Even though the jury may believe from the evidence that the employees of the defendant company were guilty of negligence in approaching the crossing of the steam railway, and in proceeding to cross it without exercising due care, yet if they further believe from the evidence that notwithstanding the said act of negligence of the defendant company the accident would not have occurred but for the independent negligence of the Southern Railway or its employees, and that if the Southern Railway Company's employees had acted with due diligence, and had approached said crossing in a duly careful manner, that the presence of the cars of the defendant company on said crossing could and would have been discovered in time to avert the accident, and that the injuries complained of resulted from such neglect, the neglect of the Southern Railway Company must be considered as the proximate cause of the accident, and that of the defendant the remote cause, and the verdict should be for the defendant."

We see no error in refusing this instruction. Upon the face of the instruction we do not think it presents a case of the intervention of the act of a responsible agent, to whose misconduct the injury is to be referred as a proximate cause, so as to render the original and conceded negligence of the defendant company the remote cause, or mere condition of the accident.

For the error in granting the third instruction, however, the judgment must be reversed, and the cause remanded for a new trial.

*Reversed.*